Ruffin, C. J.
This case arises out of the same trans *181 action, which gave rise to that of Hollowel v Skinner, cided at the present term, (ante p. 165); and, if possible, is clearer for the plaintiff than that was.
If the son was not occupying the plantation as the overseer and servant of the defendant, it must follow that hedi&so on his own account and for his own benefit. We need not go minutely into the evidence for the purpose ofestablishing the nature of the occupation ; no one can doubt from what the defendant said, and from what he and his son did, and from what they did not do, that the father was setting Ills son up in the world by giving him the use of the large property, of which he put him in possession — accordingly the young gentleman sold the crops of three years, and appropriated them to his own use, without claim or complaint of the father. What overseer or steward would have been allowed to act in that way ? Could the father maintain actions against the purchasers of the crops of 183?, ’38 and 39, which the son sold? Why not? It is because the father never thought of claiming them, but intended that the son should so dispose of them and appropriate the proceeds ; in other words they were gifts. For the same reason the crop of 1840, produced during the son’s occupation and by his industry, is his, both for the benefit of himself and his creditors. The son’s possession began with an express gift of half the crop then growing, “and after that he, the father, would be regulated as he thought, the conduct of the son merited.” That is the son’s own account of the matter, and he adds, “ that no more definite arrangement was ever made.” This certainly imports, that the father might resume the land and negroes when he pleased. But it equally imports, that until he should resume them, he did not claim the crops that should be made, but that, as the first was the son’s by express gift, so the others should- be also. The son planted and cultivated the crop of 1840, to maturity, and therefore that belonged to him : and so, the jury, we think, were properly instructed. As the verdict, on this ground, was in point of law right, the judgment must be affirmed, notwithstanding, as wc said in Hollowell v Skinner, we do *182 concur in the opinion as to the quasi estoppel on the cle-fendant.
We also think the sale of the corn in the small field valid. Although the sheriff was not in, or immediately at the field, yet he was near enough to be in plain view, so that bidders saw for what they were bidding: and that is the purpose of requiring .the thing to be present.
Per CuriaM, Judgment affirmed.